190 F.Supp.2d 1179 (2002)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff(s),
v.
EXEL, INC., f/k/a EXEL LOGISTICS, INC., Defendant(s).
No. 4:01CV154JCH.
United States District Court, E.D. Missouri, Eastern Division.
March 6, 2002.
*1180 Robert G. Johnson, Donna L. Harper, Melvin D. Kennedy, Gwendolyn Young Reams, EEOC, St. Louis, for Equal Employment Opportunity Commission, plaintiffs.
James N. Foster, Jr., Partner, William B. Jones, McMahon and Berger, St. Louis, for Exel Inc. fka Exel Logistics, defendants.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court on two motions filed by Defendant. The Court will address the motions in turn.

I. Defendant's Motion to Compel Deposition Testimony and for Sanctions

Defendant filed its Motion to Compel Deposition Testimony and for Sanctions ("Defendant's Motion to Compel Gray Deposition Testimony") on February 5, 2002. (Doc. No. 46). By way of background, on January 31, 2001, Plaintiff EEOC, on behalf of Charging Party Alan Gray ("Gray"), filed the instant lawsuit alleging unlawful conduct by Defendant in violation of the Americans With Disabilities Act, 42 U.S.C. § 12117(a). (Doc. No. 1). Specifically, Plaintiff alleged that Defendant terminated Gray based on the perception that he was disabled. (Defendant's Memorandum of Law in Support of its Motion to Compel Deposition Testimony and for Sanctions ("Defendant's Memo in Support of its Motion to Compel Gray Deposition Testimony"), P. 1).
Prior to the filing of the instant lawsuit, Mr. Elbert Walton ("Walton"), Gray's father-in-law and a licensed attorney, provided Gray legal counsel on several workers' compensation claims. (Defendant's Memo in Support of its Motion to Compel Gray Deposition Testimony, P. 1). Further, Rochelle Gray ("Rochelle"), Walton's daughter and paralegal, and the wife of Gray, also acted on Gray's behalf with respect to the workers' compensation claims. (Id.).
On November 14, 2001, defense counsel in the instant suit took Gray's deposition at the offices of the EEOC. (Defendant's Memo in Support of its Motion to Compel Gray Deposition Testimony, P. 4). During the deposition, defense counsel made several inquiries into Gray's physical injuries, and into the bases for filing both his EEOC Charge and his earlier workers' compensation claims. (Id.). Throughout the deposition, Gray repeatedly stated that he could not remember things, did not know the answers to questions regarding the events at issue, and was unfamiliar with relevant documents presented by the defense. (Id., PP. 5-15, citing Gray's attached deposition testimony). Gray indicated that if defense counsel wanted information, he should talk to either Walton or Rochelle. (Defendant's Memo in Support of its Motion to Compel Gray Deposition Testimony, P. 5).
After approximately four hours of questioning, during which Gray offered numerous examples of communications between himself, his wife and his father-in-law, counsel for the EEOC raised the issue of attorney-client privilege for the first time. (Defendant's Memo in Support of its Motion to Compel Gray Deposition Testimony, PP. 16-18, citing Gray's attached deposition testimony). From that point forward in the deposition, Gray refused to answer numerous questions, asserting privilege. (Id., P. 18).
As stated above, Defendant filed its Motion to Compel Gray Deposition Testimony on February 5, 2002. (Doc. No. 46). In its motion, Defendant asserts that Gray provided little information during his deposition regarding key elements of this lawsuit, including both his injuries and his ability to perform his job duties at Defendant corporation. (Defendant's Memo in *1181 Support of its Motion to Compel Gray Deposition Testimony, P. 19). Defendant thus asks the Court to compel Gray to testify as to communications between himself, Walton and Rochelle, on topics including, but not limited to, his injuries and ability to perform his job duties. (Defendant's Memo in Support of its Motion to Compel Gray Deposition Testimony, P. 27). Defendant further requests sanctions, in the form of reimbursement to Defendant of its fees and costs incurred in relation to the preparation and filing of the instant motion. (Id.).
Upon review of the record, this Court finds that Gray waived the attorney-client privilege with respect to relevant communications involving himself, Walton and Rochelle, both by voluntarily answering questions pertaining to the communications, and by directing defense counsel to question Walton and Rochelle personally. The Court will therefore grant Defendant's Motion to Compel Gray Deposition Testimony, and order Gray to answer all questions regarding his injuries and ability to perform his job duties.[1] The Court will further grant Defendant's Motion for Sanctions, and order Plaintiff EEOC to reimburse Defendant for its fees and costs incurred in preparing and filing the instant motion.

II. Defendant's Motion to Compel Compliance with Subpoenas

Defendant filed its Motion to Compel Compliance with Subpoenas ("Defendant's Motion to Compel Walton Testimony and Documents") on January 23, 2002. (Doc. No. 42). By way of background, during his deposition Charging Party Gray repeatedly refused to provide answers to questions regarding both his physical injuries, and the bases for filing his EEOC Charge and earlier workers' compensation claims. (Defendant's Motion to Compel Walton Testimony and Documents, PP. 1-2). Instead, Gray invited defense counsel to question his former attorney/father-in-law, Elbert Walton ("Walton").[2] (Id., P. 2).
On January 7, 2002, Defendant served a subpoena on the Custodian of Records of the Metropolitan St. Louis Legal Services Corporation, Walton's former professional corporation, requesting that the Custodian appear and produce documents for inspection and copying. (Defendant's Motion to Compel Walton Testimony and Documents, P. 2). On January 11, 2002, Defendant served a subpoena on Walton himself, requesting that he appear for a deposition on February 19, 2002. (Id.). Walton objected to the subpoenas, claiming that the requested documents and testimony were protected by attorney-client privilege. (Id.).
As noted above, Defendant filed the instant motion to compel on January 23, 2002, asserting that in his deposition Gray effectively waived attorney-client privilege with respect to the requested documents and testimony. (Defendant's Motion to Compel Walton Testimony and Documents, P. 3). Defendant thus asked the Court to compel the production of all the documents requested in Defendant's subpoenas; to compel Walton to testify at a deposition; and to impose sanctions in the form of reimbursement to Defendant of its fees and costs incurred in relation to the preparation and filing of the instant motion. (Id.).
On February 5, 2002, Walton responded to Defendant's motion. Walton claimed *1182 that after settlement and recovery in the workers' compensation claim in which he represented Gray, he delivered his law office file on said claim to Gray. (Memorandum in Opposition to Motion to Compel and in Support of Protective Order ("Walton's First Memo in Opp."), P. 1). Walton stated that Gray then delivered the entire contents of the legal file, including work product and privileged communications between Walton, his staff, and Gray, to his EEOC counsel. (Id., PP. 1-2). EEOC counsel then provided copies of the documents to defense counsel, and further permitted Gray to testify regarding the privileged communications and work product during his deposition. (Id., PP. 2, 3).
Based on the above events, Walton agreed to testify and provide documents regarding those privileged communications and work product documents already disclosed by EEOC counsel and/or testified to by Gray. (Walton's First Memo in Opp., P. 4). However, Walton maintained that Gray did not waive his right to non-disclosure of any privileged communications and/or work product documents within Walton's possession or knowledge, not previously disclosed by EEOC counsel or Gray in his testimony. (Id.).
On February 11, 2002, this Court held a telephone conference on Defendant's Motion to Compel Walton Testimony and Documents. During the conference, the Court orally ordered Walton to appear for a deposition, and to produce documents in compliance with the subpoena.
On February 19, 2002, Defendant filed its Second Motion to Compel Compliance with Subpoenas and for Sanctions. (Doc. No. 50). In its motion, Defendant asserts that while both EEOC and defense counsel appeared for Walton's deposition on February 19, 2002, Walton himself failed to appear. (Defendant's Second Motion to Compel Compliance with Subpoenas and for Sanctions ("Defendant's Second Motion to Compel Walton Testimony and Documents"), P. 3). Defendant thus requests that the Court grant its original motion to compel in its entirety, and further order Walton to reimburse Defendant for its fees and costs in preparing for the deposition. (Id.).
Walton filed his response to Defendant's second motion to compel on February 26, 2002. (Doc. No. 56). In his response, Walton explains that, based on his understanding of the February 11, 2002 telephone conference, he believed that the February 19, 2002 deposition was to be rescheduled for a date subsequent to the conclusion of Gray's deposition. (Memorandum in Opposition to Motion to Compel and in Opposition to Motion for Sanctions, PP. 3-4).
Upon consideration of the foregoing, this Court will deny Defendant's motions to compel without prejudice. The Court will further order defense counsel and Walton to reschedule Walton's deposition, to take place on a date subsequent to the conclusion of Gray's deposition. Walton's failure to appear, testify, and produce documents at the rescheduled deposition may result in the imposition of sanctions.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Defendant's Motion to Compel Deposition Testimony (Doc. No. 46) is GRANTED, and Charging Party Gray is ordered to answer all questions regarding his injuries and ability to perform his job duties.
IT IS FURTHER ORDERED that Defendant's Motion for Sanctions (Doc. No. 46) is GRANTED, and Plaintiff EEOC is ordered to reimburse Defendant for its fees and costs incurred in preparing and filing its motion to compel deposition testimony from Charging Party Gray.
*1183 IT IS FURTHER ORDERED that Defendant is granted until March 20, 2002, within which to file its request for costs incurred in association with its motion to compel deposition testimony from Gray. Plaintiff will then have until April 3, 2002, within which to file any objections to such request.
IT IS FURTHER ORDERED that Defendant's Motion to Compel Compliance with Subpoenas (Doc. No. 42) is DENIED without prejudice.
IT IS FURTHER ORDERED that Defendant's Second Motion to Compel Compliance with Subpoenas and for Sanctions (Doc. No. 50) is DENIED without prejudice.
IT IS FURTHER ORDERED that defense counsel and Walton must reschedule Walton's deposition, to take place on a date subsequent to the conclusion of Gray's deposition. Walton's failure to appear, testify, and produce documents at the rescheduled deposition may result in the imposition of sanctions.
NOTES
[1] Gray must answer all such questions to the best of his ability, even if in doing so he is required to testify about communications among himself, Walton and Rochelle.
[2] Gray also invited defense counsel to question his wife and former paralegal, Rochelle Gray.